## IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| FRANK SCHALLER, AS PLENARY GUARDIAN OF THE ESTATE AND PERSON OF MARY GABLE A/K/A MARIE GABLE, AN INCAPACITATED PERSON, | : No. 69 EM 2018 |
| Petitioner | : |
| v. | : |
| NEW FLYER OF AMERICA INC., AND SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | : |
| Respondents | : |

## MEMORANDUM OPINION AND ORDER

**WECHT, J.**                                                            **FILED: August 14, 2018**

By letter dated July 6, 2018, I disclosed to the above-captioned parties that, during my 2015 campaign for a seat on this Court, I expressed some criticism of this Court's decision in *Zauflik v. Pennsbury School District*, 104 A.3d 1096 (Pa. 2014), a case that plays prominently in this Court's consideration of the Applications for Extraordinary Relief at issue in these matters. I expressed my sincere belief that I could and would participate in adjudicating the instant matter without actual or apparent bias, but indicated that I would consider with an open mind any recusal motion that any party might file.

Respondent Southeastern Pennsylvania Transportation Authority ("SEPTA") has taken me up on that invitation, filing an application requesting my recusal. Somewhat embellishing my disclosure, SEPTA asserts that I "publicly announced that [I] would have

decided *Zauflik* otherwise."  SEPTA's Application for Recusal (69 EM 2018) at 5.  In fact, my disclosure said only that, "on at least one occasion, [I] expressed some criticism of this Court's decision" in *Zauflik*, which accurately describes my full recollection, then and now.

SEPTA relies upon Pennsylvania Code of Judicial Conduct Rule 2.11(A)(5), which provides that a judge should disqualify himself in any case in which his "impartiality might reasonably be questioned," including when the judge, "while a . . . judicial candidate, has made a public statement . . . that commits the judge to reach a particular result or rule in a particular way in the proceeding or controversy."  *Id.*  "Recusal is not to be granted lightly, lest a jurist abdicate his 'responsibility to decide.'"  *League of Women Voters v. Commonwealth of Pennsylvania*, 179 A.3d 1080, 1083 (Pa. 2018) (Wecht, J., single-Justice order) (quoting Pa.C.J.C. 2.7).

As I discussed at length in *League of Women Voters*, and as the United States Supreme Court expounded in *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002), where judges are elected, the importance of ensuring trust in the judiciary's impartiality coexists uneasily with the candidate's constitutional right, and democratic obligation, to speak freely to voters on subjects relevant to the office.  *See League of Women Voters*, 179 A.3d at 1088-91; *Republican Party of Minnesota*, 536 U.S. at 787 ("There is an obvious tension between the article of Minnesota's popularly approved Constitution which provides that judges shall be elected, and the Minnesota Supreme Court's announce clause which places most subjects of interest to the voters off limits.").

Moreover, criticizing a prior decision is a far cry from committing to its reversal.  Discussing and debating the law is what jurists do.  Any scrupulous judge must

counterbalance his own inclination on a given legal question with the paramount obligation to honor prior precedent. *Stare decisis*, and the stability in the law that it promotes, is a pillar of our common-law system. That an honorable jurist speaks critically of prior precedent should not by itself prompt anyone to assume that he will disdain it.

Development and presentation of cogent arguments advocating adherence to, or divergence from, precedent lie at the core of the skill set for which people pay lawyers. With the benefit of this advocacy, judges read, listen, think, and decide. No jurist's mind is a tabula rasa; one should never mistake an open mind for an empty one.[1]

I have carefully and deliberately reviewed SEPTA's thoughtful arguments, as well as Petitioners' thoughtful arguments in opposition. I am unpersuaded that my prior criticism of *Zauflik* requires my disqualification here.


**AND NOW**, this 14th day of August, 2018, SEPTA's Application for Recusal is hereby denied.

---

[1]     "[E]ven if it were possible to select judges who did not have preconceived views on legal issues, it would hardly be desirable to do so. 'Proof that a Justice's mind at the time he joined the Court was a complete *tabula rasa* in the area of constitutional adjudication would be evidence of lack of qualification, not lack of bias.'" *Republican Party of Minnesota*, 536 U.S. at 778 (quoting *Laird v. Tatum*, 409 U.S. 824, 835 (1972)).